AGEE, J.,
concurring.
I agree with the majority that the decision of the trial court to summarily terminate Ange’s residual parental rights to three of her four children and to place the fourth child in permanent foster care was erroneous and requires reversal. While I concur in the majority’s decision to reverse and remand, I do not agree with describing the trial court’s decision to proceed summarily as “a sanction” imposed against Ange for an alleged failure to comply with its orders.
A sanction is a discretionary measure employed by a trial court to coerce a party to comply with a discovery order or to punish a party for abusing the judicial system. See, e.g., Code § 8.01-271.1 (trial court shall impose an appropriate sanction against a party and/or counsel whose pleading, motion or *633 other paper is signed or made without being “well grounded in fact” and “warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law”); Rule 4:12 (trial court has broad discretion to sanction a party for failing to comply with discovery orders). Ange never argued that the trial court proceeded summarily as a sanction. The record before us does not indicate that the decision to proceed summarily was rendered as a form of sanction in the ordinary sense of our jurisprudence, a measure used “to protect [the trial court] against those who would abuse the judicial process.” Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991).
I do not conclude from the facts before us in the record that the trial court elected to proceed summarily to either punish Ange or to coerce her into complying with its orders. The facts reflect the trial court simply erred procedurally, believing it could rule on the DSS petitions summarily, and not as a sanction against Ange.